# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| DIONNA GRANDJEAN, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| BETTER CARE HOME CARE | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff Dionna Grandjean (hereinafter "Plaintiff"), by and through the undersigned counsel, and files this lawsuit against Defendant Better Care Home Care Service, Inc. (hereinafter "Defendant"), respectfully showing the Court as follows:

## I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated minimum and overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II.  JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant is a Georgia corporation, and the unlawful employment practices described herein occurred at 3485 North Desert Drive, Suite 112, East Point, Georgia 30344.

5.

Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III.  PARTIES

6.

Plaintiff is now, and at all times relevant hereto, was a resident of the State of Georgia.

7.

Defendant provides in-home care services to clients in needs of medical and custodial assistance.

8.

Defendant can be served with process through its Registered Agent, Ms. Ruchelle Thomas, 735 Parkleigh Court, Atlanta, Georgia 30331.

9.

Plaintiff worked for the Defendant from approximately September 18, 2012 through late October of 2014 (hereinafter collectively referred to as the "relevant time period").

10.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

11.

Plaintiff performed non-exempt labor for the Defendant within the last three (3) years.

12.

Defendant employed the named Plaintiff during the relevant time period.

13.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

14.

During the relevant time period, Defendant unlawfully garnished a minimum of two (2) full paychecks from Plaintiff in violation of the minimum wage requirements of the FLSA.

15.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

16.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

17.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV.  FACTS

18.

Plaintiff worked for the Defendant within the past three (3) years.

19.

Defendant misclassified Plaintiff as independent contractor.

20.

Although Plaintiff's job title was CNA, Plaintiff was responsible for providing custodial care to her clients, and not skilled medical care.

21.

By way of example, Plaintiff was responsible for assisting her clients with household duties such as cleaning, cooking, bathing, picking up medications, as well as logistical duties such as taking her clients to their doctors' visits and to other out-of-home appointments.

22.

Plaintiff did not have the authority to administer medications, or provide medical care for her clients.

23.

In the event that Plaintiff's clients suffered a medical emergency such as a diabetic coma, Plaintiff was not authorized to administer any medical care, and instead, was under instructions to call an ambulance and wait for them to arrive to perform any medical care that may be needed.

24.

Plaintiff's was to assist with the day-to-day living needs of her clients, which included a substantial amount of time cleaning, cooking, and performing household work.

25.

Plaintiff worked a minimum of fifty (50) to sixty (60) hours per week during her employment with Defendant.

26.

During her employment, Plaintiff was paid on an hourly basis at a rate of $9.00 per hour, and was never provided compensation for the hours she worked over forty (40) per week.

27.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

28.

In fact, Plaintiff regularly worked in excess of ten (10) hours of overtime each week of her employment, often up to twenty (20) hours per week, and was not compensated for any of the overtime worked.

29.

Specifically, Plaintiff was scheduled for regular shifts totaling forty (40) hours in a given week, but was routinely required to stay with her client and perform work exceeding her scheduled hours, and was not permitted to report those hours or receive compensation for them.

30.

In addition, Defendant also unlawfully garnished Plaintiff's wages.

31.

Shortly after Plaintiff returned from maternity leave, in approximately April 2014, upon receiving paperwork from one of Plaintiff's prior landlords, Defendant garnished at least two (2) full paychecks from Plaintiff.

32.

Defendant garnished these full paychecks despite its knowledge that Plaintiff needed those paychecks to survive, not only for herself, but for her newborn son.

33.

As a result, during Plaintiff's employment with the Defendant, Plaintiff was also not paid the federally mandated minimum wage as required by FLSA §6, 29 U.S.C. §206 on the occasions when Defendant unlawfully garnished Plaintiff's entire paycheck.

34.

Plaintiff attempted to work with her employer to resolve these issues, but was ultimately forced to take her concerns to the Department of Labor (hereinafter "DOL").

35.

As a consequence of being forced to work so many hours each week without a minimum wage and appropriate overtime compensation, Plaintiff eventually resigned employment with Defendant in approximately October 2014.

36.

On or about December 10, 2015, Plaintiff received a determination letter from the DOL indicating that Defendant had unlawfully violated the minimum wage and overtime requirements of the FLSA.

37.

The DOL's determination letter also provided that Defendant had refused to cooperate with the DOL in remitting appropriate compensation to Plaintiff; this action follows.

## V.  CLAIMS FOR RELIEF

### COUNT ONE

### VIOLATION OF THE OVERTIME WAGE
### REQUIREMENT OF THE FAIR LABOR STANDARDS ACT

38.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

39.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

40.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

41.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

42.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

43.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

44.

Defendant's conduct was willful and in bad faith.

45.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## COUNT TWO

### VIOLATION OF THE MINIMUM WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT

46.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

47.

Defendant has violated the FLSA, 29 U.S.C. §206, by failing to pay minimum wages to Plaintiff for the pay periods she worked where Defendant unlawfully garnished her whole paycheck.

48.

Defendant suffered and permitted Plaintiff to work these pay periods without any compensation, in violation of the minimum wage provisions of the FLSA.

49.

Defendant's actions, policies and/or practices violate the FLSA's minimum wage requirement by repeatedly failing to compensate Plaintiff at the required minimum wage rate.

50.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff minimum wage compensation in violation of the FLSA.

51.

Defendant's conduct was willful and in bad faith.

52.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover minimum wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on

unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert

witness fees, reasonable attorneys' fees as provided under FLSA §16

and all other remedies allowed under the FLSA;

(C)    Grant declaratory judgment declaring that Plaintiff's rights have

been violated;

(D)    Grant leave to add additional state and federal law claims if

necessary; and,

(E)    Award Plaintiff such further and additional relief as may be just and

appropriate.

Respectfully submitted this 11th day of February, 2016.

**THE MOLDEN LAW FIRM, LLC**


s/Elizabeth L. Brown
Regina S. Molden
Georgia Bar No. 515454
Elizabeth L. Brown
Georgia Bar No. 940372

*Attorney for Plaintiff*

Peachtree Center – Harris Tower
233 Peachtree Street, N.E., Suite 1245
Atlanta, Georgia 30303
(404) 324-4500
(404) 324-4501 (*facsimile*)
rmolden@moldenlaw.com
etillery@moldenlaw.com

14

## <u>CERTIFICATION PURSUANT TO L.R. 7.1D</u>

I hereby certify that the foregoing ***Complaint for Damages*** was prepared in conformance with the font and point selections approved by the Court in Local Rule 5.1.

s/Elizabeth L. Brown
*Counsel for Plaintiff*
