## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "Agreement") is entered into as of the date last signed between Dionna Grandjean ("Grandjean") and Better Care Home Care Services, Inc. ("Better Care" and, collectively with Grandjean, the "Parties").

WHEREAS, Grandjean filed a lawsuit against Better Care in the United States District Court for the Northern District of Georgia, Civil Action No. 1:16-cv-443-SCJ, in which Grandjean sought relief for alleged unpaid overtime wages pursuant to Fair Labor Standards Act (the "Lawsuit"); and

WHEREAS, Grandjean and Better Care wish to resolve, fully and finally, the differences between them, including any and all claims which were or could have been raised in the Lawsuit, without further litigation.

NOW, THERFORE, it is agreed as follows, in exchange for the good and valuable consideration set forth herein:

1. The Parties authorize their counsel to take all actions necessary to conclude the settlement expressed in this Agreement and agree to jointly move the court for approval of the settlement described in this Agreement. The parties agree to submit this Agreement to the Court for approval but also agree that absent Court order, this Agreement shall not be filed with the Court or made part of the Court record.

2. Better Care shall pay the gross sum of eight thousand dollars ($8,000.00) in complete settlement of the Lawsuit (the "Settlement Proceeds"), including settlement for attorneys' fees, costs, alleged liquidated damages, and unpaid overtime wages. After the Agreement has been signed by both Parties and the settlement has been approved by the Court, Better Care shall deliver to Grandjean's counsel the Settlement Proceeds via four (4) checks as follows:

    a. No later than forty-five (45) days after this Agreement has been signed by both Parties and the settlement has been approved by the Court, one (1) check in the amount of two thousand dollars ($2,000.00) shall be issued to Molden & Associates. No later than ninety (90) days after this Agreement has been signed by both Parties and the settlement has been approved by the Court, one (1) check in the amount of four thousand dollars ($4,000.00) shall be issued to Molden & Associates. Better Care shall issue an IRS Form 1099 with respect to such payments. After receiving such payment from Better Care, Grandjean's counsel will issue a check in the amount of three thousand dollars ($3,000.00) payable to Grandjean and issue an IRS Form 1099 to Grandjean;

    b. No later than 5:00 p.m. on February 1st, 2018, one (1) check in the amount of one thousand dollars ($1,000.00) shall be issued to Molden & Associates. Better Care shall issue an IRS Form 1099 with respect to such payment; and

    c. No later than 5:00 p.m. on March 1st, 2018, one (1) check in the amount of one thousand dollars ($1,000.00) shall be issued to Molden & Associates. Better Care shall issue an IRS Form 1099 with respect to such payment.

  3. Settlement Proceeds not received by Grandjean's counsel based on the terms set forth above will be considered past due, untimely, and will constitute a default.

  4. In the event Better Care defaults in any of the above terms and payments, a Consent to Judgement will be entered against Better Care in the amount of twenty-one thousand dollars ($21,000.00) less what has already been paid to Grandjean's counsel. Grandjean agrees that such default is the sole responsibility of Better Care and will not pass through to any of its members, employees or assigns.

  5. No later than five (5) business days after this Agreement has been signed by all of the parties and the settlement has been approved by the Court, Better Care shall take all necessary steps to dismiss its counterclaim for Breach of Contract asserted against Grandjean.

  6. No later than five (5) business days after Better Care's counterclaim for Breach of Contract asserted against Grandjean has been dismissed, Grandjean shall take all necessary steps to dismiss with prejudice all claims in the Lawsuit against Better Care.

  7. Grandjean agrees that the payments to her and her counsel pursuant to this Agreement are in full satisfaction of all claims Grandjean has in the lawsuit and that Grandjean will not petition the Court for additional payments and/or for attorneys' fees and/or costs.

  8. Grandjean understands and agrees that she has the sole obligation and responsibility for paying all taxes, if any, which relate to or arise out of the payments set forth in Paragraph No. 2. Grandjean agrees to indemnify and hold harmless Better Care against any claim or liability relating to Grandjean's payment or non-payment of her taxes, or of any Grandjean's share of any personal taxes, penalties and interest, with respect to the payments set forth in Paragraph No. 2 in the event that any such taxes, penalties and interest should be assessed against Better Care as a result of Grandjean's payments or non-payments.

  9. To the maximum extent permitted by law, Grandjean agrees for herself and her heirs, beneficiaries, devisees, executors, administrators, attorneys, personal representatives, successors and assigns, to release, discharge and not to sue Better Care, its parent, subsidiaries, past, present or future affiliated entities, trustees, officers, employees, attorneys, insurers, and other agents or representatives, and any benefit plans in which Grandjean is or has been a participant by virtue of her relationship with Better Care (collectively, the "Releasees"), from or for any and all claims, debts, demands, accounts, judgments, rights, causes of action, claims for equitable relief, damages, costs, charges, complaints, obligations, promises, agreements, controversies, suits, expenses, compensation, responsibility and liability of every kind and character whatsoever (including attorneys' fees and costs), whether in law or equity, asserted or unasserted, known or unknown, suspected or unsuspected, which Grandjean has against the Releasees as of the effective date of this Agreement, including without limitation any and all claims arising out of Grandjean's employment relationship with Better Care or the termination thereof, including any and all claims arising under federal, state or local laws relating to

employment, including without limitation claims of wrongful discharge, discrimination, retaliation, breach of express or implied contract, fraud, misrepresentation, defamation or liability in tort, claims of any kind that may be brought in any court or administrative agency, including without limitation claims under the Fair Labor Standards Act, as amended, the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, as amended, the Age Discrimination in Employment Act, as amended, the Equal Pay Act, as amended, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Employee Retirement Income Security Act, except to the extent provided below, the Worker Adjustment and Retraining Notification Act, the Family and Medical Leave Act, Sections 1981 and 1983 of Title 42 of the United States Code, and similar applicable state or local statutes, ordinances and regulations.

Notwithstanding the above, this General Release shall not extend to any claim for pension, retirement or savings benefits which cannot be waived or are inalienable under the terms of any benefit plan. It is agreed that this is a general release and it is to be broadly construed as a release of all claims; provided that notwithstanding the foregoing, this Agreement expressly does not include a release of any claims that cannot be released hereunder by law or under applicable public policy.

10. Grandjean and her counsel agree that this Agreement shall remain strictly confidential, shared only with Grandjean's spouse or significant other, attorneys, and/or tax advisors, who shall be informed of, and agree to, the duty to keep this Agreement confidential. The confidentiality restrictions set forth in this Paragraph shall not limit any Party's ability to effectuate the terms of this Agreement, or to respond truthfully in any legal proceeding.

11. Facsimile or emailed signatures shall have the same power and effect as original signatures. This Agreement may be executed independently and separately (i.e. in counterparts) by the respective Parties. If executed in counterparts, each counterpart shall be deemed to be an original, and said counterparts together shall constitute one and the same Agreement.

12. This Agreement shall be governed by the laws of the State of Georgia without regard to choice of law principles. The parties agree that any action to enforce this Agreement shall be brought in an appropriate court located in Atlanta, Georgia, and specifically agree to jurisdiction of such courts and venue in such courts.

13. This Agreement constitutes the entire agreement between Grandjean and Better Care with respect to the resolution of the Lawsuit, but does not alter, amend, or otherwise affect any separate agreements that may exist. This Agreement shall inure to the benefit of any successor to Better Care.

14. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

15. The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this

3

Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

16. Each Party acknowledges that she or it has read this agreement, fully understood its terms, and signed it freely, voluntarily, and not under duress of any kind.

17. Following the final approval of this Agreement by the Court, if any provision of this Agreement (except Paragraph Nos. 9 and 10) shall be held by a court of competent jurisdiction to be void, unlawful or unenforceable, such provision or provisions shall be deemed severable from and shall in no way affect the enforceability and validity of the remaining provisions of this Agreement.

18. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and notwithstanding that failure, such party shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

BY MY SIGNATURE BELOW, I REPRESENT THAT I UNDERSTAND THE TERMS OF THIS AGREEMENT; I HAVE BEEN ASSISTED BY COUNSEL IN THE NEGOTIATION AND REVIEW OF THIS AGREEMENT; I HAVE BEEN GIVEN A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT; AND I ACCEPT AND AGREE TO ALL TERMS SET FORTH HEREIN:

_____
Dionna Grandjean

DATE: 9-19-17

Better Care Home Care Services, Inc.

BY: _____ Richelle Thomas

DATE: 9/12/2017

4